UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GERALD W. BOTTERO,<br><br>    Plaintiff,<br><br>    v.<br><br>HOYA CORPORATION, VISION CARE DIVISION, et al.,<br><br>    Defendants. | Case No.  14-cv-02528-BLF<br><br>**ORDER**<br>**(1) GRANTING MOTION TO COMPEL FURTHER DEPOSITION OF PLAINTIFF, AND**<br>**(2) GRANTING IN PART MOTION FOR PROTECTIVE ORDER**<br><br>[Re: ECF 66] |

Before the Court is the latest in a series of disputes relating to the deposition of Plaintiff in the above-captioned action.

By order of this Court, Plaintiff was to be deposed by Defendants on November 12, 2014. *See* ECF 51. Both parties agree that the deposition was adjourned after approximately 5 hours and 17 minutes of deposition time. *See, e.g.*, Defs.' Mot., ECF 66 at 7; *see also* Pl.'s Opp., ECF 74 at 5. Plaintiff has agreed to sit for a second day of deposition on December 19, 2014, but the parties now disagree about the length of time he should sit for the deposition and what, if any, objections Plaintiff's counsel should be able to make during the deposition.

Defendants seek two forms of relief: (1) an order that Plaintiff sit for a full second 7-hour day of deposition testimony, and (2) a protective order prohibiting Plaintiff's counsel from lengthy speaking objections, and demanding that Plaintiff's counsel comply with Rule 30(c)(2). Plaintiff opposes both requests. *See* ECF 74.

**I.     DISCUSSION**

    **A.     The Length of the Second Day of Deposition**

Plaintiff has already agreed to sit for a second day of deposition testimony on December

19. The only question remaining is how long that deposition day will last. Though there is a presumption that a deposition should be concluded within seven hours, a court must allow additional time if it is "needed to fairly examine the deponent." *See* Fed. R. Civ. P. 30(d)(1). In this circumstance, requiring Plaintiff to sit for seven additional hours of deposition time is warranted. This is an employment case in which the Plaintiff is requesting millions of dollars in damages related to a bonus calculation formula. Plaintiff has stated his intention to file a motion for summary judgment the day after the deposition is completed, making this the most meaningful opportunity for Defendants to engage in fact discovery of Plaintiff. It is not uncommon for courts in this district to permit a second day of deposition of a plaintiff, particularly in employment cases. *See, e.g., LaFreniere v. Prada U.S.A. Corp.*, 2013 WL 3187412, at *3 (N.D. Cal. June 21, 2013). Courts in this district have been suspect, however, of permitting additional deposition time after a second day of deposition. *See, e.g., Love v. Permanente Med. Grp.*, 2014 WL 491257, at *2 (N.D. Cal. Feb. 4, 2014) (denying a request to depose a plaintiff for four additional hours after a second deposition day had been completed).

Defendants have shown good cause for wanting to depose Plaintiff for up to an additional seven hours. As such, the Court GRANTS Defendants' motion, and HEREBY ORDERS Plaintiff to sit for up to seven hours of deposition time on December 19, 2014. If Defendants terminate the December 19, 2014 deposition before seven hours of deposition time have elapsed, they will not be permitted to re-depose Plaintiff at another date in the future without further leave of court.

### B.     Motion for Protective Order

Defendants further contend that Plaintiff's counsel impeded the deposition through "obstreperous and disruptive conduct." Defs.' Mot. at 7. Defendants state that Plaintiff's counsel lodged over one hundred separate objections, which Defendants argue were designed to coach the Plaintiff. *Id.* at 8. Plaintiff's counsel responds that his objections were reasonable, and that defense counsel's insistence that objections be limited to "form" or "privilege" is not consistent with Rule 30(c)(2). *See* Pl.'s Mot. at 6.

The Court need not take any position as to the factual dispute between the parties regarding the appropriateness of Plaintiff's objections. In order to ensure the smooth completion of the

2

1  deposition, and in recognition of Plaintiff's own statement that the deposition became contentious
2  soon after it began, *see* Pl.'s Mot. at 3, the Court HEREBY ORDERS that any objections by
3  Plaintiff's counsel shall be limited to ten (10) words or fewer, which state only the grounds for the
4  objection without further explanation or argument.

### C.   Professional Conduct and Future Discovery Disputes in this Matter

The Court has been presented with a remarkable number of disputes between the parties with regard to this single deposition and Plaintiff's intended motion for summary judgment. The Court is dismayed by the seeming lack of comity or goodwill between the counsel for both sides in this action, and the continued tendency of both parties to file short documents accusing the other side of misconduct instead of reaching agreements as to these relatively minor issues. Because of this, the Court HEREBY ORDERS counsel for both parties to review this district's recently promulgated Guidelines for Professional Conduct, and to refrain from filing any motions (or letters to the Court) related to discovery disputes without first attempting to, in good faith, reach an agreement between the parties.

## II.   ORDER

1. Defendants' motion to compel the continued deposition of Plaintiff for a further seven hours, to be completed on December 19, 2014, is GRANTED.

2. It is further ORDERED that any objection by Plaintiff's counsel be limited to no more than ten (10) words relating only to the grounds of the objection.

3. Any disputes on the day of the deposition are hereby REFERRED to Magistrate Judge Paul S. Grewal. The parties are to review Judge Grewal's standing order with regard to discovery disputes prior to December 19.

4. Counsel for both parties are HEREBY ORDERED to review the district's Guidelines for Professional Conduct, and henceforth act in conformity with those Guidelines.

5. Any further discovery dispute is REFERRED to Magistrate Judge Paul S. Grewal. The parties are not to file any discovery motion prior to attempting in good faith to reach an agreement as to the dispute, and are HEREBY ORDERED to describe their attempts to reach such an agreement in any further motion filing.

**IT IS SO ORDERED.**

Dated: December 9, 2014

_____
BETH LABSON FREEMAN
United States District Judge