UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GERALD W. BOTTERO,<br><br>    Plaintiff,<br><br>    v.<br><br>HOYA CORPORATION, VISION CARE DIVISION, et al.,<br><br>    Defendants. | Case No.  14-cv-02528-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[ECF 78] |

Before the Court is Plaintiff's administrative motion to file under seal a number of documents related to his motion for summary judgment. ECF 78. Plaintiff asks the Court to seal portions of (1) his motion, (2) the separate statement of material facts in support of the motion, (3) an excerpt of Plaintiff's November 12, 2014 deposition, and (4) the declaration of Gerald Bottero in support of the motion. Plaintiff also seeks to seal the entirety of exhibits 1-10 to the Bottero Declaration. *Id.*

Plaintiff submits a single declaration in support of the requested sealing. *See* Jaffe Decl., ECF 78-1. Because this declaration does not offer compelling reasons to seal the documents as requested, the Court DENIES the administrative motion without prejudice, and grants Plaintiff leave to amend to refile his request consistent with the requirements of this district's local rules and the governing law of the Ninth Circuit.

 Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal documents, a "compelling reasons" standard, which applies to most judicial records, and a "good cause" standard, which applies to "private materials unearthed during discovery." *Cf. Phillips ex rel. Estates of Byrd v.*

1  *Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Therefore, to seal portions of a motion
2  for summary judgment and documents filed concurrently with a motion for summary judgment, a
3  party must show compelling reasons that outweigh the public's general right to inspect such
4  documents. *Cf. Phillips*, 307 F.3d 1206, 1213.

5        In this case, the Jaffe Declaration fails to meet *Phillips'* compelling interest standard. The
6  declaration states only that the information in question is "private, confidential and proprietary
7  financial information of Hoya Corporation which . . . Plaintiff is prohibited from publicly
8  disclosing." Jaffe Decl. ¶ 2. The mere fact that information has been designated as confidential
9  between the parties does not establish for the Court why such information should be sealed.
10 Further, Plaintiff does not describe with particularity why *each* document he seeks to seal meets
11 the compelling interest standard, which is required in this circuit. *See Kamakana*, 447 F.3d 1172,
12 1180 (finding that a party must make a "particularized showing" for the compelling interest
13 standard for each document it seeks to seal).

14       Further, Plaintiff must show why the redactions sought are narrowly tailored such that only
15 material that must be sealed is redacted from the public. *See* Civil L.R. 79-5(d)(1)(B) (stating that
16 any proposed order to seal a document, or portions thereof, must be "narrowly tailored to seal only
17 the sealable material, and which lists in table format each document or portion thereof that is
18 sought to be sealed"); *see also, e.g.*, *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 4120541, at
19 *2 (N.D. Cal. Sept. 18, 2012) (denying sealing requests because the requests were not narrowly
20 tailored). Plaintiff seeks to seal extensive portions of the motion for summary judgment, most of
21 the separate statement of material facts and Bottero deposition transcript, nearly the entirety of the
22 Bottero Declaration, and the entirety of the ten exhibits filed concurrently with the Bottero
23 Declaration. *See generally* ECF 79 (redacted versions of each document). The Jaffe Declaration
24 fails to state why such lengthy redactions are narrowly tailored to only seal as much information
25 as is absolutely necessary. All documents which Plaintiff seeks to seal should be redacted as
26 narrowly as possible in order to comply with Rule 79-5 so as to ensure the public maintains its
27 ability to access judicial records in this case as much is practicable.

28       The Court hereby DENIES Plaintiff's administrative motion to seal, without prejudice.

Plaintiff may refile his motion to seal no later than **January 13, 2015**. Plaintiff's request must meet the compelling interest standard articulated by this circuit in *Phillips* and comply with Civil Local Rule 79-5. Thus, Plaintiff's request must include a declaration which makes a particularized showing as to why each document should be sealed, and he must narrowly tailor each sealing request.

**IT IS SO ORDERED.**

Dated: January 6, 2015

_____
BETH LABSON FREEMAN
United States District Judge