# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

GERALD W. BOTTERO,

       Plaintiff,

    v.

HOYA CORPORATION, VISION CARE
DIVISION, et al.,

       Defendants.

Case No.  14-cv-02528-BLF

**ORDER GRANTING PLAINTIFF'S
MOTION TO STRIKE**

[Re:  ECF 89]

Plaintiff moves to strike the twenty-seven affirmative defenses raised by Defendant Hoya Corporation in its Amended Answer, contending that the defenses are not pled with the requisite specificity demanded by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009). Defendant opposes the motion to strike with regard to seventeen of these affirmative defenses, arguing that the heightened pleading requirements of *Twombly* and *Iqbal* should not apply to affirmative defenses, and that Plaintiff has been given fair notice of the defenses Defendant is asserting in this action.

Having reviewed the briefing of the parties, the Court finds this this motion appropriate for determination without oral argument. *See* Civil L.R. 7-1(b). For the reasons stated below, the Court GRANTS Plaintiff's motion to strike, with leave to amend.

## I.    BACKGROUND

Defendant's Answer asserts twenty-seven affirmative defenses: (1) failure to state a cause of action, (2) failure to exhaust, (3) no consideration, (4) laches, estoppel, or unclean hands, (5) waiver, (6) no damages, (7) accord and satisfaction, (8) intervening or superseding acts, (9) no proximate cause, (10) unjust enrichment, (11) no control, (12) statute of frauds and the parol evidence rule, (13) uncertainty, (14) prejudgment interest, (15) no duty, (16) Defendant's right to

United States District Court
Northern District of California

attorneys' fees, (17) conditions precedent, (18) unreasonable reliance, (19) excuse, (20) frustration of purpose, (21) interference with performance, (22) commercial impracticability, (23) unconscionability, (24) equitable reformation, (25) set-off and recoupment, (26) failure to state a claim for attorneys' fees and costs, and (27) right to amend. *See* Am. Answer, ECF 85 at 4-8.

Plaintiff moves to strike fourteen of these defenses for failure to plead any factual matter, seven of these defenses for failure to plead sufficient factual matter, and four of these defenses because they are not actually defenses and are, instead, attacks on the sufficiency of Plaintiff's pleadings. *See* Mot. to Strike, ECF 89 at 5-8.

Defendant does not oppose the motion to strike with regard to ten of the defenses: the first, third, fourth, sixth, ninth, thirteenth, fourteenth, sixteenth, twenty-sixth, and twenty-seventh defenses. As to the other seventeen defenses, Defendant makes two arguments: first that affirmative defenses do not need to meet *Twombly* and *Iqbal's* heightened pleading standards, and second that Plaintiff has been given fair notice of the defenses through Defendant's "numerous submissions to the Court." Opp., ECF 92 at 6-7. It then asks, if the Court grants the motion, for leave to amend with regard to the seventeen remaining affirmative defenses, a request that Plaintiff does not oppose. *See* Reply, ECF 94 at 3.

## II.   DISCUSSION

Federal Rule of Civil Procedure 8(b) demands that a party state "in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). Rule 12(f) governs motions to strike, and permits a court to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defenses can be stricken when they fail to give a plaintiff "fair notice" of the defense asserted. *See, e.g.*, *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

Courts in this district, including the undersigned, apply the heightened pleading standards of *Twombly* and *Iqbal* to affirmative defenses. *See Camacho v. Jefferson Capital Systems, LLC*, 2014 WL 4954817, at *2 (N.D. Cal. Oct. 2, 2014); *see also Perez v. Gordon & Wong Law Grp. P.C.*, 2012 WL 1029425, at *7-8 (N.D. Cal. Mar. 26, 2012) (collecting cases within this district and finding that "the vast majority of federal district courts presented with [this] issue have

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1  reached the same conclusion"). Though courts in other districts have reached other conclusions,

2  *see, e.g.*, *Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*, 287 F.R.D. 119 (D.

3  Mass. 2012), this Court finds no persuasive reason to depart from its practice, and the practice of

4  other courts within this district, to require that affirmative defenses meet the heightened pleading

5  standards of *Twombly* and *Iqbal*. *See Scott v. Fed. Bond & Collection Servs., Inc.*, 2011 WL

6  176846, at *4 (N.D. Cal. Jan. 19, 2011) ("While a defense need not include extensive factual

7  allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be

8  sufficient.").

9       Here, Defendant does not argue that any of the affirmative defenses pled in the Amended

10  Answer meet the heightened pleading requirements of *Twombly* and *Iqbal*. Defendant argues

11  instead that it has given Plaintiff fair notice of its defenses by the facts and evidence submitted

12  with other documents filed with the Court, including its opposition to Plaintiff's motion for

13  summary judgment and its own cross-motion for summary judgment. *See* Opp. at 7-8. It cites in

14  support of this fair notice argument *Simmons v. Navajo County, Arizona*, a Ninth Circuit case

15  which states that the district court has "discretion to allow a defendant to plead an affirmative

16  defense in a subsequent motion [after filing an Answer]." 609 F.3d 1011, 1023 (9th Cir. 2010).

17  The context of *Simmons*, however, undercuts Defendant's argument: in *Simmons*, the Ninth

18  Circuit determined that the defendant did not waive an affirmative defense because the defense

19  was pled in the answer and then further explicated through facts in later papers filed with the

20  Court. Here, the Court is not determining waiver of a defense, but rather its sufficiency.

21       The Court is persuaded by Plaintiff's argument that Defendant's remaining seventeen

22  defenses are insufficiently pled. The vast majority, including the second, fifth, seventh, eighth,

23  tenth, eleventh, twelfth, fifteenth, twentieth, twenty-first, twenty-second, and twenty-fifth, merely

24  state legal conclusions without pleading any supporting facts. Still others, including the ninth and

25  nineteenth, state a list of reasons why Plaintiff's recovery is barred, but provide no facts to support

26  any of the listed reasons. Defendant has therefore failed to plead sufficient facts that would permit

27  the Plaintiff to "ascertain the basis for these affirmative defenses." *G&G Closed Circuit Events,*

28  *LLC v. Nguyen*, 2010 WL 3749284, at *2-3 (N.D. Cal. Sept. 23, 2010).

1

### III.   ORDER

2        Defendant's first, third, fourth, sixth, ninth, thirteenth, fourteenth, sixteenth, twenty-sixth,

3   and twenty-seventh affirmative defenses are STRICKEN, with prejudice, because Defendant does

4   not oppose Plaintiff's motion to strike with regard to those ten defenses. *See* Opp. at 9 n.1.

5        Defendant has requested leave to amend with regard to its seventeen other defenses, and

6   Plaintiff has indicated that he does not oppose this request. The Court therefore STRIKES the

7   second, fifth, seventh, eighth, tenth, eleventh, twelfth, fifteenth, seventeenth, eighteenth,

8   nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, and twenty-fifth

9   affirmative defenses pled in Defendant's Amended Answer, but grants Defendant leave to amend

10  in order to plead these affirmative defenses in conformance with the heightened pleading

11  requirements of *Twombly* and *Iqbal*. Defendant may not assert any additional defenses beyond

12  these seventeen in its Second Amended Answer.

13       Defendant's Second Amended Answer shall be filed no later than April 24, 2015.

14       **IT IS SO ORDERED.**

15  Dated: April 10, 2015

16

17  BETH LABSON FREEMAN
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California